**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHIRLEY LEHMAN-MENLEY,** | § | |
| | § | |
| **v.** | § | **A-05-CA-1054 LY** |
| | § | |
| **BOSTON OLD COLONY INSURANCE** | § | |
| **COMPANY, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Amended Motion to Dismiss or, in the Alternative, Verified Motion to Abate filed June 12, 2006 (Clerk's Doc. No. 28); Plaintiff's Response to Defendants' First Amended Motion to Dismiss, or in the Alternative, Verified Motion to Abate filed June 23, 2006 (Clerk's Doc. No. 31); Defendants' Reply in Support of their First Amended Motion to Dismiss, or in the Alternative, Verified Motion to Abate filed July 7, 2006 (Clerk's Doc. No. 35); Defendant's Motion for Summary Judgment filed March 3, 2006 (Clerk's Doc. No. 8); Plaintiff's Response to Defendant's Motion for Summary Judgment filed March 16, 2006 (Clerk's Doc. No. 10); Defendant's Reply to Plaintiff's Response to Its Motion for Summary Judgment filed March 30, 2006 (Clerk's Doc. No. 14); Plaintiff's Sur-reply on Defendant's Reply on Defendant's Motion for Summary Judgment filed May 12, 2006 (Clerk's Doc. No. 17); Defendant's Response to Plaintiff's Sur-reply to Defendant's Motion for Partial Summary Judgment filed May 23, 2006 (Clerk's Doc. No. 23).

The District Court referred the motions to dismiss to the undersigned Magistrate Judge for report and recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil

Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Court held a hearing on all of the motions on July 19, 2006.  After considering the parties' pleadings, the relevant case law, the arguments presented at the hearing, as well as the entire case file, the undersigned issues the following Report and Recommendation.

## I.  BACKGROUND

On February 12, 2001, Plaintiff Shirley Lehman-Menley ("Menley") was rear-ended after Mary Castillo hit the car behind Menley.  *See* Plaintiff's Second Amended Complaint, ¶5.  As a result of the accident, Menley's car was declared a total loss and Menley underwent extensive medical care, including spinal surgery.  *Id.*  At the time of the accident, Mary Castillo was covered by an insurance policy issued by Defendant Boston Old Colony Insurance Company ("BOC").[1]  *Id.*, at ¶6.

Menley filed a lawsuit against Castillo in state court on February 4, 2003.  *Id.*, at ¶9.  Notice of the suit and citation of service were sent to BOC and Defendant Encompass Insurance Company of America ("Encompass") or their agents on February 7, 2003.  *Id.*, at ¶10.  Menley made a settlement offer for the policy limits on May 5, 2003, however, it was not accepted.  *Id.* at ¶11-12.  An answer was never filed and Menley was granted default judgment in the amount of $706,171.11 on September 5, 2003.  *Id.*, at ¶14.  Notice of the default judgment was provided to Defendants on December 6, 2004.  *Id.*, at ¶15.

---

[1] Menley also alleges that the insurance policy was issued by Encompass, however, that issue will be discussed at more length *infra*.

On November 4, 2005, Menley was granted an Amended Turnover Order through which Castillo's claims against BOC were assigned to Menley. *Id.*, at ¶16. On November 16, 2005, Menley filed this lawsuit in state court against BOC based on its failure to pay the sum owed, failure to defend, and a breach of its duty of care as set forth in *Stowers*. *See* Notice of Removal. BOC removed the case on December 20, 2005. *Id.* On March 20, 2006, Menley filed an Amended Complaint clarifying that her causes of action were a breach of duty according to *Stowers* and breach of the insurance contract, including failure to defend. *See* Clerk's Doc. No. 11. On May 18, 2006, Menley filed a Second Amended Complaint, adding Encompass as a defendant for the *Stowers* claim and breach of contract claim and adding claims of breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code against BOC and Encompass. *See* Clerk's Doc. No. 18.

In their Motion to Dismiss, Defendants seek dismissal of the *Stowers* claim, breach of contract, and breach of duty of good faith and fair dealing because Encompass did not insure Menley or Castillo. Additionally, they argue neither Menley nor Castillo are consumers under the DTPA, and the claims for breach of the duty of good faith and fair dealing and violations of the DTPA and Insurance Code are time-barred.[2] In response, Menley asserts that Encompass held itself out to be more than just a claims handler, Castillo was a consumer under the DTPA, and the accrual date for

---

[2]Even though Defendants included the claims against BOC that were added in the Second Amended Complaint in the Motion to Dismiss, both parties appear to be treating the motion as being one for summary judgment given the fact that they are relying on evidence. In her response, Menley included at the end of every section the reasons she did not think that summary judgment should be granted on the claims. Thus, the Court will consider the portion of the motion to dismiss addressing claims against BOC that were added after the motion for summary judgment was filed as arguments under the summary judgment standard.

3

the causes of action with a two year statute of limitations was deferred pursuant to the discovery rule and fraudulent concealment.

In its Motion for Summary Judgment, BOC asserts that Menley's *Stowers* claim is time-barred. Menley responds by arguing that the *Stowers* claim is not time-barred because of the discovery rule and fraudulent concealment.

## II. ANALYSIS

### A.    Failure to State a Claim

Under Rule 12(b)(6), the well-settled principle is that a cause of action should not be dismissed for failure to state a claim unless the plaintiff fails to allege any set of facts in support of his cause of action which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). However, a plaintiff must plead specific facts, not mere conclusory allegations. *Id*.

The Fifth Circuit has held that a court may review documents attached to a motion to dismiss if the complaint refers to the documents and the documents are central to the claim. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (Stating that the court could review the contracts at issue in the lawsuit that were attached to the motion to dismiss in making a determination on the motion.); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (The court noted that none of the parties had objected to the district court considering documents attached to the motion to dismiss and noted its approval of such consideration where the

documents were referred to in the complaint and central to the case, citing support from other circuits.).  Accordingly, the Court will consider the insurance policy in ruling on the motion to dismiss as to Encompass.

All of Plaintiff's claims against Encompass rely on the fundamental assertion that Encompass was an insurer under the policy of insurance at issue here.  For example, the duty imposed under *Stowers* applies only to insurers.  *Ecotech Int'l., Inc. v. Griggs & Harrison*, 928 S.W.2d 644, 649 (Tex. App. – San Antonio 1996, writ denied).  An agent of an insurer is not liable under the *Stowers* doctrine.  *Am. Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 254 (Tex. App. – Houston [1st Dist.] 1991, writ granted), *judgment affirmed in part and reversed in part on different grounds*, 843 S.W.2d 480 (Tex. 1992).  An independent adjusting firm, which does not enter into a contract with the insured and performs its work solely as an independent adjusting firm is an agent of the insurer.  *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 791 n.3 (Tex. App. – Houston [14th Dist.] 2000, no pet.).

Likewise, the existence of a contract is an essential element in a breach of contract claim.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004) (applying Texas law).  The Texas Supreme Court has declined to extend the duty of good faith and fair dealing to agents of the insurance company, because the court found that it was the existence of the contract that gives rise to the special relationship required for a good faith and fair dealing claim.  *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994).  Likewise, to have a claim under the Texas Deceptive Trade Practices Act one must be a "consumer."  A consumer is "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services."  TEX. BUS. & COM. CODE § 17.45(4).  The Fifth Circuit held in a similar case that an independent adjuster did not have a consumer transaction with the plaintiff because the

independent adjuster's actions played no role in whether or not the insurer entered into a contract with the plaintiff. *Janik v. City of Dallas*, 1997 WL 538758, *5 (N.D. Tex. 1997).

Menley asserts that Encompass was an insurer for Castillo because its name was all over the insurance policy. The Court may consider the insurance policy in question because it was referred to in Menley's Second Amended Complaint and is material to the issues in the case. *See Kane Enters.*, 322 F.3d at 374. The policy at issue states, "these general policy provisions are not a complete and valid contract without an accompanying declaration page, properly executed," so the Court will consider the declaration page in conjunction with the policy. *See* Defendants' First Amended Motion to Dismiss, or in the Alternative Motion to Abate, Exhibit A. The declaration page clearly identifies one, and only one, insurer: BOC. *Id.* Thus, it is clear that BOC is the insurer and not Encompass. As a result, all of Menley's claims against Encompass fail as a matter of law and should be dismissed for failure to state a claim on which relief may be granted.[3]

## B.      Summary Judgment

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When the party seeking summary judgment is seeking summary judgment on a claim for which the non-moving party would bear the burden of proving at trial, the party seeking summary judgment bears the burden of showing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S.

---

[3]Since this Court is recommending that all of the claims against Encompass be dismissed for failure to state a claim, the Court will not address Encompass' argument that the claims against Encompass should be dismissed for improper service.

317, 324 (1986); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).   The party can do this by: (1) submitting summary judgment evidence that negates the existence of a material element of the opposing party's claim, or (2) by showing there is no evidence to support an essential element of the opposing party's claim.   *Celtotex*, 477 U.S. 322-25.   After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue of material fact for trial.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.   *Coleman*, 113 F.3d at 533.   If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue of material fact is presented, and summary judgment is inappropriate.   Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment.   *Duffy v. Leading Edge Products, Inc,.*44 F.3d 308, 312 (5th Cir. 1995).   Rather, the non-moving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.   *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).   The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court."   *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)).

7

1.        **Statute of Limitations**

BOC asserts that the statute of limitations has run on Menley's *Stowers*, good faith and fair

dealing, DTPA, and Texas Insurance Code claims.  Menley argues that the statute of limitations was

tolled because of the discovery rule and fraudulent concealment.

Since a *Stowers* claim sounds in negligence, it has a two year statute of limitation that begins

to run when the judgment becomes final.  *See Street v. Honorable Second Court of Appeals*, 756

S.W.2d 299, 301 (Tex. 1988).  Breach of the duty of good faith and fair dealing and violations of the

Texas Insurance Code and DTPA also have two year statutes of limitation.  *See* TEX. BUS. & COM.

CODE § 17.565; TEX. INS. CODE § 541.162; *Provident Life and Accident Ins. Co. v. Knott*, 128

S.W.3d 211, 221 (Tex. 2003).  For the purpose of determining whether the statute of limitations has

run, a claim is generally considered to have accrued when a situation arises that enables a person to

seek judicial relief.  *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).

Menly asserts BOC violated the *Stowers* doctrine by failing to tender the policy limits in

response to Menley's settlement offer, which occurred before judgment was entered on September

5, 2003.  The violations Menley alleged regarding the duty of good faith and fair dealing relate to

BOC's duty to defend, failure to provide a defense upon receiving notice that a lawsuit had been

filed and service had been obtained, and wrongfully refusing to settle the claim after receiving a

demand for settlement within the policy limits.  *See* Second Amended Complaint, ¶32.  These claims

all accrued before October 5, 2003, the date the default judgment became final.  Menley alleges that

BOC violated the DTPA by false representations of their goods and services and agreement, by

breaching express and implied warranties regarding the policy, and by taking advantage of Castillo's

lack of knowledge and experience.  *See* Second Amended Complaint, ¶¶35-36.  Menley does not

dispute Defendants' assertion that these claims would have all accrued by October 5, 2003.  It is alleged that BOC violated the Texas Insurance Code by engaging in unfair settlement practices and misrepresenting the policy, all of which occurred before October 5, 2003.  The two year statute of limitations on all of these claims therefore expired on October 5, 2005.  The instant suit was not filed until November 16, 2005.  Thus, if neither the discovery rule nor fraudulent concealment applies to toll the statute of limitations, all of these claims are time barred.

###### a.      Discovery Rule

Menley alleges her injuries were inherently undiscoverable because she thought BOC was handling any claims against here arising out of the collision.  BOC asserts Menley is judicially estopped from arguing that she did not discover the existence of her claims before October 5, 2003 when the default judgment was entered against her.

The Texas Supreme Court has held that the discovery rule is a very limited exception to the statute of limitations and applies only where the nature of the injury that occurred is inherently undiscoverable and the evidence of the injury is objectively verifiable.  *Computer Assoc. Itn'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).  Texas first adopted the discovery rule in a case in which a foreign object was left in a patient's body, the classic instance in which the policy behind the rule is demonstrated.  *See Gaddis v. Smith*, 417 S.W.2d 577 (Tex. 1967).  As the Texas Supreme Court noted in *Gaddis*, it is difficult, if not impossible, for a patient to discover the negligence of a surgeon who leaves an object in a patient's body at the time that the negligence occurs, and often the injury caused by the negligence does not manifest itself until the two year statute has already run. *Gaddis*, 417 S.W.2d at 580-81.  In deciding *Gaddis*, the Court quoted favorably from a Pennsylvania decision, where the court stated:

> To require an owner, under such circumstances, to take notice of a trespass upon his underlying coal at the time it takes place, is to require an impossibility; and to hold that the statute begins to run at the date of the trespass is in most cases to take away the remedy of the injured party before he can know that an injury has been done him. A result so absurd and so unjust ought not to be possible.

*Lewey v. H.S. Frick Coke Co.*, 31 A. 261, 263 (Pa. 1895).

In 1973, the Texas Supreme Court extended the discovery rule beyond just claims of foreign objects left in patients, based on the idea that other injuries are impossible or nearly impossible to discover within the prescribed statute of limitations. *Hays v. Hall*, 488 S.W.2d 412, 413 (Tex. 1973). In *Hays*, the Court applied the discovery rule to a claim by a vasectomy patient who was told after surgery and tests that he was sterile, only to learn that he was not when his wife became pregnant. *Id.* at 413-14. Since *Gaddis* was decided, the Texas Supreme Court has examined numerous causes of action, and certain general rules have developed. The Court has noted that where the wrong and the injury were unknown to the plaintiff because of the nature of the wrong and the injury, the injuries are generally considered to be inherently undiscoverable. *S.V. v. R.V.*, 933 S.W.2d 1, 6-7 (Tex. 1996). However, where a person would be likely to learn of the wrong and the injury during the statute of limitations were they to exercise reasonable diligence, then the injury is not inherently undiscoverable, and the discovery rule will not apply to that sort of claim. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001).

**(1)    Judicial Estoppel**

Judicial estoppel should be applied when (1) there was a sworn, inconsistent statement made in a prior judicial proceeding; (2) the party who made the statement gained any advantage by making it; (3) the statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *Long v. Knox*, 291 S.W.2d 292, 295 (Tex. 1956);

*Galley v. Apollo Associated Servs., Ltd.*, 177 S.W.3d 523, 528-29 (Tex. App. – Houston [1st Dist.] 2005, no pet.).

BOC contends that Menley is judicially estopped to claim that Castillo had no notice of the suit against her or the default judgment entered in that suit.  It bases this claim on the fact that to obtain her default judgment against Castillo, Menley made declarations to the state court that she had made proper and adequate service on Castillo.  The Court agrees with BOC that the doctrine of judicial estoppel applies here.  Menley did make a sworn, inconsistent statement in the state court proceeding because she moved the state court for permission to serve Castillo by substituted service on the premise that the substituted service would provide Castillo with notice of the lawsuit.  *See* Defendant Boston Old Colony Insurance Company's Response to Plaintiff's Sur-Reply to Boston Old Colony's Motion for Partial Summary Judgment, Exhibit A.  This statement worked to Menley's advantage because the judge determined, based on the affidavit and evidence presented, that service on Castillo's house would provide effective notice of the lawsuit and later entered default judgment in Menley's favor.  There is no evidence that the statement was made inadvertently and Menley does not argue that it was.  Menley's argument to the state court that the substituted service would provide effective notice was definitely clear and unequivocal, since she later used it as a basis for having default judgment granted in her favor.

Thus, the elements of judicial estoppel are met.  Menley argues that she is now standing in Castillo's shoes and the judicial estoppel argument would not have worked if Castillo had brought this lawsuit herself.  While it is true that Castillo's assertion could not be defeated by judicial estoppel in this situation, the Court is not supposed to pretend that Menley is Castillo, merely that Menley has assumed the arguments that Castillo could assert against the Defendants.  Since Menley

11

is clearly trying to make use of an inconsistent argument, judicial estoppel operates to prevent her from arguing that Castillo did not have notice of the lawsuit.

**(2)      Inherently Undiscoverable**

As noted, in general an injury is considered inherently undiscoverable if it is the kind of injury that is not generally discoverable within the applicable statute of limitations by the exercise of reasonable diligence.   *S.V. v. R.V.*, 933 S.W.2d at 7.  Whether injuries are inherently undiscoverable is determined on a categorical basis, not based on the individual facts of each case. *Apex Towing*, 41 S.W.3d at 122**.**  Thus, whether the Plaintiff herself actually discovered her injury is not relevant, rather what matters is whether a reasonable person would have discovered the default judgment had she exercised reasonable diligence.   *See Id.*   In making these determinations, the Supreme Court has noted that a court must keep in mind that simply because a remedy will be precluded is not a sufficient reason to apply the discovery rule, because "[t]he primary purpose of limitations [is] to prevent litigation of stale or fraudulent claims."  *Computer Assoc.*, 918 S.W.2d at 457 (*quoting Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex. 1977)).

Castillo clearly knew that a lawsuit could be filed against her since she was involved in a car accident, and had received notice of the likelihood of a claim from the insurance company.  The substituted service was deemed to be effective notice to Castillo that a lawsuit was filed against her. If Castillo had exercised reasonable diligence, she would have contacted her insurance company to ascertain what actions they were taking to defend her in this lawsuit.  Because the injuries at issue

here clearly fail the "inherently undiscoverable" test, the Court concludes that the discovery rule does not apply in this case.[4]

> **b.**    **Fraudulent Concealment**

Menley alleges BOC fraudulently concealed the fact that a lawsuit had been filed against Castillo and the fact that there was a judgment against Castillo. She bases this argument on two letters sent by BOC's agent to Castillo or the primary policyholder, in which BOC fails to disclose that a suit had been filed. BOC responds by arguing that although both letters sent to Willis have mistakes in them, the letters do not conceal material facts or assert that there is no reason to fear a lawsuit.

Fraudulent concealment operates to defer the start of the accrual of a cause of action until the plaintiff discovers or should have discovered the deceitful acts that gave rise to the cause of action. *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999). To prove that the statute should be tolled on the basis of fraudulent concealment, a plaintiff must show that (1) the defendant knew of the injury; (2) the defendant used deception to conceal the injury; (3) the defendant had a fixed purpose to conceal the injury; and (4) the plaintiff reasonably relied on the deception. *Id.*, at 888-89; *Haas v. George*, 71 S.W.3d 904, 913 (Tex. App. – Texarkana 2002, no pet.).

Although the lawsuit in state court was filed on February 4, 2003, and a letter was sent to Encompass with the copy of the lawsuit on February 7th, Denise Price, the claims adjuster, testified that she never received the letter because it was faxed to someone else at Encompass. *See*

---

[4]Because the Court concludes that these issues are not "inherently undiscoverable," it need not reach the question of whether the alleged injuries are also generally "objectively verifiable." The Court notes, however, that Menley's injuries would seem to be objectively verifiable in almost all instances.

Defendant's Response to Plaintiff's Sur-reply, Exhibit C.  On February 18th, Denise Price sent Ms. Willis a letter explaining that they had been unable to resolve the dispute between Menley and Castillo and informing Willis that a lawsuit might be filed soon.  *See* Plaintiff's Sur-Reply to Defendant's Reply on Defendant's Motion for Summary Judgment, Exhibit 7.  Ms. Price also told Ms. Willis if she was served with a complaint, to let her know immediately, so that an answer could be filed on her behalf.  *Id.*  There is no evidence in the record that Ms. Price purposefully misinformed Ms. Willis, and an argument that she should have known that a lawsuit had been filed is of no avail because Texas courts have held that showing a party should have known something does not satisfy the actual knowledge requirement.  *Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 33 (Tex. App. – Texarkana 1991, writ denied).

Additionally, on January 7, 2004, Ms. Price sent Ms. Willis a form letter like the one sent on February 18, 2003.  *See* Plaintiff's Sur-Reply to Defendant's Reply on Defendant's Motion for Summary Judgment, Exhibit 12.  Although the letter incorrectly stated that a lawsuit may be filed when the lawsuit had already been filed and incorrectly stated that the statute of limitations would soon expire when the statute had already run, Ms. Price clearly believed the statute had not expired given her notes stating she called Menley's attorney on the same day because she thought the statute of limitations was going to expire in a month.  *Id.*  None of these statements faudulently concealed the existence of a suit against Castillo.

Thus, the only basis for fraudulent concealment that remains is the fact the letter said a lawsuit may be filed when it had already been filed.  Menley argues that BOC had a duty to disclose

the underlying lawsuit to her.[5]  However, Texas courts have never found the existence of a general fiduciary duty between an insured and an insurer.  *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311, 318 (Tex. App. – Beaumont 2004, no pet.).  For a court to find that there is an informal fiduciary duty, there must be a special relationship of trust and confidence that existed prior to and apart from the insurance policy.  *Id.*, at 318.  There has been no evidence presented that there is was a special relationship here, especially given that the special relationship would have had to have started before the insurance contract was entered into.  Additionally, Menley has not offered any evidence of purposeful deception on the part of Ms. Price or BOC.  Thus, fraudulent concealment does not operate to toll the statute of limitations.[6]

### III.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Clerk's Doc. No. 28) and **GRANT** Defendant BOC's Motion for Summary Judgment (Clerk's Doc. No. 8).  The Magistrate Court **FURTHER RECOMMENDS** that the District Court **DISMISS** all of the claims against Encompass and **DISMISS** the *Stowers* claim, breach of the duty of good faith and fair dealing claim, and claims relating to violation of the DTPA and Texas Insurance Code.  Thus, the only remaining claim will be a breach of contract claim against BOC.

---

[5]In fact, the insurance policy states that Castillo had a duty to promptly send BOC copies of any legal papers after an accident.  *See* Defendant's First Amended Motion to Dismiss, or in the Alternative Verified Motion to Abate, Exhibit A.

[6]Since this Court is recommending dismissal of the claims against BOC, the Court will not address BOC's alternative argument that the case should be abated for at least 60 days.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 31st day of July, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE